UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA            :   Criminal No.
:
          v.                        :   Filed:
:
JASON KATZ,                         :   Violation: 15 U.S.C. § 1
:
          Defendant.                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PLEA AGREEMENT

The United States of America and JASON KATZ hereby enter into the following Plea Agreement ("Agreement") pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P.").

### AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS

1.      JASON KATZ ("KATZ") will waive indictment pursuant to Fed. R. Crim. P. 7(b), and plead guilty to a one-count Information, in the United States District Court for the Southern District of New York, in which he is charged with knowingly entering into and engaging in a combination and conspiracy to suppress and eliminate competition by fixing prices for Central and Eastern European, Middle Eastern, and African Emerging Markets currencies ("CEEMEA" currencies) from at least as early as January 2007 and continuing until at least July 2013, in violation of Section One of the Sherman Antitrust Act, 15 U.S.C. § 1.

### DEFENDANT'S COOPERATION

2.      KATZ agrees to cooperate fully and truthfully with the United States in the prosecution of this case, the current federal investigation of violations of federal antitrust and related criminal laws involving price fixing of CEEMEA currencies in the foreign exchange

markets in the United States and elsewhere, as well as any other federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party (collectively, "Federal Proceeding"). Federal Proceeding includes, but is not limited to, an investigation, prosecution, litigation, or other proceeding regarding obstruction of, the making of a false statement or declaration in, the commission of perjury or subornation of perjury in, the commission of contempt in, or conspiracy to commit such offenses in, a Federal Proceeding. The ongoing, full, and truthful cooperation of KATZ will include, but not be limited to:

    (a)    KATZ agrees to produce to the New York Office of the Antitrust Division of the Department of Justice ("Antitrust Division"), or at other mutually agreed-upon locations, all documents, including claimed personal documents, and other materials in the possession, custody, or control of KATZ that may be requested by the United States, wherever located and which are not protected under the attorney-client privilege or the work-product doctrine, in connection with any Federal Proceeding;

    (b)    KATZ agrees to make himself available for interviews with the attorneys and agents of the United States, not at the expense of the United States, at the New York Office of the Antitrust Division, or at other mutually agreed-upon locations, upon the request of attorneys or agents of the United States;

    (c)    KATZ agrees to bring to the attention of the United States all crimes which he has committed, and all administrative, civil, or criminal proceedings, investigations, or prosecutions in which he, to his knowledge, is or has been or becomes a subject, target, party, or witness;

  (d) KATZ agrees to respond fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), or conspiracy to commit such offenses;

  (e) KATZ agrees upon the request of the United States to voluntarily provide the United States with any materials or information not requested in (a) - (c) of this paragraph, and not protected under the attorney-client privilege or work-product doctrine, that may relate to any such Federal Proceeding;

  (f) KATZ agrees that when called upon to do so by the United States in connection with any Federal Proceeding, he will testify in the grand jury, at trial, and at other judicial proceedings fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making a false statement or declaration in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*);

  (g) KATZ agrees to consent to such adjournments of his sentencing as may be requested by the United States; and

  (h) KATZ agrees to commit no further crimes whatsoever.

3. KATZ agrees that any assistance he may provide to federal criminal investigators in connection with any Federal Proceeding shall be pursuant to the specific instructions and control of the Antitrust Division and those federal investigators.

## GOVERNMENT'S AGREEMENT

4.     Subject to the full, truthful, and continuing cooperation of KATZ, as described in Paragraphs 2 and 3 of this Agreement, and upon the Court's acceptance of the guilty plea called for by this Agreement, the Antitrust Division of the United States Department of Justice agrees not to bring further criminal charges against KATZ for any crimes committed prior to the date of signature of this Agreement that were undertaken in furtherance of an antitrust conspiracy involving price fixing of CEEMEA currencies in the United States and elsewhere ("Relevant Offense").  This agreement does not provide protection against prosecution for any crimes except as set forth above.  This Paragraph does not apply to civil matters of any kind, violations of securities laws, tax laws, or crimes of violence.

5.     KATZ understands that this Agreement does not bind any other federal agency, local prosecuting authority, or administrative agency other than the Antitrust Division of the United States Department of Justice.  Consistent with Fed. R. Crim. P. 11(b)(1)(O), KATZ recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status, including removal from the United States, denial of citizenship, and denial of admission to the United States in the future.  KATZ understands that he may be subject to suspension or debarment actions by agencies other than the Antitrust Division, based upon any conviction resulting from this Agreement, and that this Agreement in no way controls what action, if any, other agencies may take.  However, if requested, the Antitrust Division will bring the fact, manner and extent of KATZ's cooperation to the attention of other prosecuting, administrative, or other agencies as a matter for such agencies to consider as appropriate.  KATZ nevertheless affirms that he wants to plead guilty regardless of any suspension, debarment, or other collateral consequences of his plea.

## POSSIBLE MAXIMUM PENALTIES

6.      KATZ understands that the statutory maximum penalty which may be imposed against him upon conviction for a violation of Section One of the Sherman Antitrust Act (15 U.S.C. § 1) is:

      (a)      a term of imprisonment for ten (10) years (15 U.S.C. § 1);

      (b)      a fine in an amount equal to the greatest of (1) $1 million, (2) twice the gross pecuniary gain the conspirators derived from the crime, or (3) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (15 U.S.C. § 1; 18 U.S.C. § 3571(b) and (d)); and

      (c)      a term of supervised release for three (3) years following any term of imprisonment. If KATZ violates any condition of supervised release, he could be required to serve up to two (2) years in prison (18 U.S.C. § 3559(a)(3); 18 U.S.C. § 3583(b)(2) and (e)(3); and United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") § 5D1.2(a)(2)).

7.      In addition, KATZ understands that:

      (a)      pursuant to U.S.S.G. § 5E1.1, or 18 U.S.C. § 3663(a)(3), or § 3583(d), the Court may order him to pay restitution to the victims of the offense; and

      (b)      pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order KATZ to pay a $100.00 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

8.      KATZ understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a) in determining and imposing sentence. KATZ understands that the

Sentencing Guidelines determinations will be made by the Court by a preponderance of the evidence standard.  KATZ understands that although the Court is not ultimately bound to impose a sentence within the applicable Sentencing Guidelines range, its sentence must be based upon considerations of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

9.	The United States and KATZ agree and stipulate that the Sentencing Guidelines in effect on the day of sentencing should be applied.

## SENTENCING AGREEMENT

10.	KATZ understands that the sentence to be imposed on him is within the sole discretion of the sentencing judge.  KATZ understands that the Sentencing Guidelines are not binding on the Court.  KATZ acknowledges that his entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence.  The United States cannot and does not make any promises or representations as to what sentence KATZ will receive.  However, the United States will inform the Probation Office and the Court of (a) this Agreement; (b) the nature and extent of KATZ's activities with respect to this case, and all other activities of KATZ which the United States deems relevant to sentencing; and (c) the timeliness, nature, extent, and significance of KATZ's cooperation with the United States.  In so doing, the United States may use any information it deems relevant, including information provided by KATZ both prior and subsequent to the signing of this Agreement.  The United States reserves the right to make any statement to the Court or the Probation Office concerning the nature of the offense charged in the attached Information, the participation of KATZ therein, and any other facts or circumstances that it deems relevant.  The United States also reserves the right to comment on, or to correct, any

representation made by or on behalf of KATZ, and to supply any other information that the Court may require.

11. If the United States determines that KATZ has provided substantial assistance in any Federal Proceeding, and has otherwise fully complied with all of the terms of this Agreement, it will file a motion, pursuant to U.S.S.G. § 5K1.1, advising the sentencing judge of all relevant facts pertaining to that determination and requesting the Court to sentence KATZ in light of the factors set forth in U.S.S.G. § 5K1.1(a)(1)-(5), and thus impose in the Court's discretion a sentence below the applicable Sentencing Guidelines ranges for incarceration and fine. The United States and KATZ are free to recommend or argue for any specific sentence to the Court.

12. KATZ understands that this Agreement does not in any way affect or limit the right of the United States to respond to and take positions on post-sentencing motions or requests for information that relate to a reduction or modification of sentence.

13. KATZ acknowledges that the decision whether he has provided substantial assistance in any Federal Proceeding is within the sole discretion of the United States. KATZ understands that should the United States determine that KATZ has not provided substantial assistance in any Federal Proceeding, such a determination will release the United States from any obligation to file a motion pursuant to U.S.S.G. § 5K1.1, but will not entitle KATZ to withdraw his guilty plea once it has been entered. KATZ further understands that whether or not the United States files its motion pursuant to U.S.S.G. § 5K1.1, the sentence to be imposed on him remains within the sole discretion of the sentencing judge.

14. KATZ understands that should the United States determine in good faith, subsequent to the filing of a motion pursuant to U.S.S.G. §5K1.1, that KATZ has violated any provision of this Agreement, the United States shall have the right to withdraw such motion.

15. KATZ understands and agrees that should the conviction following his plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced or reinstated against him, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

## **REPRESENTATION BY COUNSEL**

16. KATZ has reviewed all legal and factual aspects of this case with his attorney and is fully satisfied with his attorney's legal representation. KATZ has thoroughly reviewed this Agreement with his attorney and has received satisfactory explanations from his attorney concerning each paragraph of this Agreement, and alternatives available to KATZ other than entering into this Agreement. After conferring with his attorney and considering all available alternatives, KATZ has made a knowing and voluntary decision to enter into this Agreement.

## **VOLUNTARY PLEA**

17. KATZ hereby acknowledges that he has accepted this Agreement and decided to plead guilty because he is in fact guilty. By entering this plea of guilty, KATZ waives any and all right to withdraw his plea or to attack his conviction, either on direct appeal or collaterally, on

the ground that the United States has failed to produce any discovery material, Jencks Act material, exculpatory material pursuant to Brady v. Maryland, 373 U.S. 83 (1963), other than information establishing the factual innocence of KATZ, and impeachment material pursuant to Giglio v. United States, 405 U.S. 150 (1972), that have not already been produced as of the date of the signing of this Agreement.

18. KATZ's decision to enter into this Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Agreement.  The United States has made no promises or representations to KATZ as to whether the Court will accept or reject the recommendations contained within this Agreement.

## VIOLATION OF PLEA AGREEMENT

19. KATZ agrees that should the United States determine in good faith that KATZ has given false, misleading, or incomplete information or testimony, or that KATZ has failed in any other way to fulfill any of the obligations set out in this Agreement, the United States shall notify counsel for KATZ in writing, by personal or overnight delivery, email, or facsimile transmission, and may also notify counsel by telephone of its intention to void any of its obligations under this Agreement (except its obligations under this paragraph), and KATZ will be subject to prosecution for any federal violation of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Agreement.  KATZ agrees that, in the event that the United States is released from its obligations under this Agreement and brings criminal charges against KATZ for any Relevant Offense, the statute of limitations period for such offense will be tolled for the period between the date of signature of this Plea Agreement and six (6) months after the date the United States gave notice

of its intent to void its obligations under this Plea Agreement.  It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

20. If KATZ violates any provision of this Agreement, he agrees that any documents, statements, information, testimony, or evidence provided by him whether before or after the execution of this Agreement, and any leads derived therefrom, shall be admissible in evidence in any and all criminal proceedings hereafter brought against KATZ, and that he will not assert a claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that such evidence, or any leads therefrom, should be suppressed.

## ENTIRETY OF AGREEMENT

21. This Agreement constitutes the entire agreement between the United States and KATZ concerning the disposition of the criminal charge in this case.  The United States has made no other promises to or agreements with KATZ.  This Agreement cannot be modified except in writing, signed by the parties.

22. The undersigned attorneys for the Antitrust Division have been authorized by the Attorney General of the United States to enter into this Agreement on behalf of the United States.

Dated:

December 19, 2016

_____
JASON KATZ

_____
ROBERT KNUTS, ESQ.

Counsel for Jason Katz

JEFFREY D. MARTINO
Chief, New York Office
Antitrust Division, Department of Justice

By: _____
BENJAMIN SIROTA

_____
ERIC HOFFMANN

_____
GRACE PYUN

_____
BRYAN SERINO

_____
DAVID CHU

_____
JOSEPH MUOIO

Trial Attorneys, Department of Justice
Antitrust Division
26 Federal Plaza, Room 3630
New York, New York 10278
Phone: 212-335-8000

11